**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BAHAMAS SALES ASSOCIATE, LLC,

        Plaintiff,

vs.                                              Case No.  3:08-cv-1012-J-32JRK

DONALD CAMERON BYERS,

        Defendant.
_____

DONALD CAMERON BYERS,

        Counterclaim Plaintiff,

vs.

BAHAMAS SALES ASSOCIATE, LLC, et al.,

        Counterclaim Defendants.

                                              This Order pertains to **all** consolidated cases:
                                              3:08-cv-1012-J-32JRK; 3:08-cv-1062-J-32JRK;
                                              3:09-cv-516-J-32JRK; 3:10-cv-422-J-32JRK;
                                              3:11-cv-199-J-32JBT; and 3:12-cv-731-J-32JBT.

_____

**O R D E R**

This cause is before the Court on the Joint Motion for Entry of Stipulation and Protective Order (Doc. No. 198; "Motion") and attached proposed protective order (Doc. No. 198-1; "Proposed Protective Order"), filed June 10, 2014.  In the Motion, the parties jointly seek the entry of the Proposed Protective Order to protect confidential information contained

in documents that the parties will likely produce during the course of discovery in these matters. See Motion at 3.

The Court concludes that a protective order is appropriate. Pursuant to Rule 26(c), Fed. R. Civ. P., a court may enter a protective order upon motion of a party "for good cause shown." In doing so, the Court must articulate its reasons for granting a protective order sufficient to allow appellate review. Additionally, the Court must evaluate and balance the interests of the parties and the non-parties concerning dissemination of discovery material. In Re Alexander Grant & Co. Litigation, 820 F.2d 352, 355, 357 (11th Cir. 1987).

Based upon the representations in the Motion and upon review of the file, the Court makes the following findings:

1. Discovery in this matter "may contain trade secrets or other confidential or proprietary research, development, or commercial information." Motion at 3.

2. A protective order is needed to expedite the flow of discovery material, preserve the integrity of truly confidential information, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of material worthy of protection.

3. An "umbrella" protective order is necessary because a document-by-document review of discovery materials is not feasible if the cases are to proceed in an orderly, timely manner.

4. Much of the discovery materials which will be relevant to issues raised in the cases will be confidential in nature and not otherwise available to anyone other than the producing party. The sensitive nature of such information requires a protective order to adequately protect the legitimate interests of the party producing the information.

The Court finds that good cause has been shown for the entry of a protective order and that the Proposed Protective Order strikes the proper balance between the legitimate needs of the parties and the need for confidentiality as well as the need for disclosure to non-parties.

Accordingly, it is hereby

**ORDERED**:

1.      The Joint Motion for Entry of Stipulation and Protective Order (Doc. No. 198) is **GRANTED**.

2.      The Proposed Protective Order submitted by the parties will enter separately as the Court's Order pursuant to Rule 26(c), Federal Rules of Civil Procedure, and is incorporated herein as it pertains to confidential information.

**DONE AND ORDERED** at Jacksonville, Florida on June 17, 2014.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw

Copies to:

Counsel of Record