**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BAHAMAS SALES ASSOCIATE, LLC,

    Plaintiff,

v.                                                   Case No:   3:08-cv-1012-J-32JRK

DONALD CAMERON BYERS,

    Defendant.
_____

DONALD CAMERON BYERS

    Counterclaim Plaintiff,

v.

BAHAMA SALES ASSOCIATE, LLC,
et al.,

    Counterclaim Defendants.
_____

**O R D E R**[1]

This case is before the Court on Plaintiffs' Motion to Add ILSA Claims and Defendants (Doc. 166), to which Defendants responded (Doc. 167, 168). Plaintiffs seek to reintroduce the ILSA claims that were dismissed in Liles v. Ginn-La W. End, Ltd.,

---

[1] Per the Court's prior Order (Doc. 152) this Order will only be filed in this case. However, the Order applies to the other consolidated cases as well: Bahama Sales Assoc., LLC v. Willis, 3:08-cv-1062-J-32JRK; Webb v. Ginn Fin. Servs., 3:09-cv-516-J-32JRK; Bailey v. ERG Enters., LP, 3:10-cv-422-J-32JRK; Taliaferro v. ERG Enters., LP, 3:11-cv-199-J-32JBT; and Taglia v. ERG Enters., LP, 3:12-cv-731-J-32JBT.

631 F.3d 1242 (11th Cir. 2011). (Doc. 166 at 11).² In Liles, plaintiffs sought rescission of contracts to purchase real property in the Ginn Sur Mer development in the Bahamas ('the Bahamian contracts"). Liles, 631 F.3d 1242. The Bahamian contracts included a forum-selection clause designating the Bahamas as the exclusive venue for litigation related to the contract. Id. Accordingly, plaintiffs' claims for rescission of the contracts, brought in the Middle District of Florida, were properly dismissed for improper venue. Id.

Defendants assert that reintroduction of Plaintiffs' ILSA claims would be futile because those claims must be litigated in the Bahamas, as recognized in Liles. (Doc. 175 at 6). A proposed amendment to a complaint can be denied where it would be futile. Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010). Plaintiffs acknowledge that these same claims have already been dismissed, but assert that their re-addition would not be futile because Defendants have now waived any objections to the addition of the ILSA claims. (Doc. 166 at 3).

Forum-selection clauses are similar to arbitration clauses. Bahamas Sales Assoc., LLC v. Byers, 701 F.3d 1335, 1342 n.7 (11th Cir. 2012). As such, in determining

---

² Plaintiffs moved for leave to file a reply in support of its Motion to Add ILSA Claims and Defendants (Doc. 185), and Defendants responded in opposition (Doc. 186, 187). Plaintiffs also moved for a pretrial conference to discuss Plaintiffs' Motion, the possible opening of discovery, and how Plaintiffs might be able to add the ILSA claims without delaying the Court's consideration of the already-filed motions to dismiss. (Doc. 168). Defendants responded. (Doc. 169). The Court has considered the points made in each of these documents and, therefore, does not need to have plaintiffs file a formal reply.

whether a forum-selection clause has been waived, courts have used the same two-prong test as is used in cases involving waiver of arbitration clauses. See, e.g., CSX Transp., Inc. v. Blakeslee, 3:12-CV-713-J-34TEM, 2013 WL 1193183 (M.D. Fla. Mar. 22, 2013); Whiting-Turner Contracting Co. v. Westchester Fire Ins. Co., CIV. JFM-13-348, 2013 WL 3177881 (D. Md. June 20, 2013). First, courts look to whether the party seeking to enforce the clause acted inconsistently with the clause's right. Garcia v. Wachovia Corp., 699 F.3d 1273, 1277 (11th Cir. 2012). This most commonly occurs where the party seeking to enforce the clause substantially participated in litigation prior to demanding the case be heard in another forum. See, e.g., id. If the party seeking enforcement has acted inconsistently, courts then ask whether the inconsistent acts have prejudiced the other party. Id.

Plaintiffs assert that Defendants have now waived the right to assert the Bahamian forum-selection clause, which right was recognized in Liles, through their participation in a settlement in Demsheck v. Ginn Development Co., LLC, 3:09-cv-335-J-25JBT. (Doc. 166 at 3). In Demsheck, plaintiffs settled with Ginn Development Co., LLC before class membership was determined. (Doc. 175-1). Named plaintiffs in that case purchased lots in America, not lots with Bahamian forum-selection clauses. (Doc. 174 at 7). Accordingly, as the case settled before any Ginn Sur Mer purchasers entered the case, there was no occasion to litigate the venue issue. (Doc. 174 at 7).

While the Demsheck case only involved Ginn Development Co., LLC, which is not a party in these consolidated cases, the settlement agreement waived claims against any other party which may be liable with Ginn Development Co., LLC,

presumably including Defendants in these cases. (Doc. 175-1 at 9). Plaintiffs were included as settlement class members, but believed the settlement was unfair. (Doc. 166 at 6). Plaintiffs assert that the opt-out procedure was difficult and time-consuming (Doc. 166 at 8), but they were able to opt out to continue their claims in these cases.

Even if Ginn Development Co., LLC were the same party as Defendants in this case, its actions in Demsheck were not inconsistent with Defendants' position that Plaintiffs' ILSA claims are not properly brought in this district. In Demsheck, Ginn Sur Mer plaintiffs only became involved at the settlement stage, where Ginn Development Co., LLC agreed to waive all defenses, including potential venue defenses, as part of the settlement. Except for seeking approval of a settlement including those provisions, amongst many others, Ginn Development Co., LLC never had to litigate the venue of claims arising out of the Bahamian contracts, nor did they repudiate their victory in Liles. Nor did Ginn Development Co., LLC, or Defendants in this case ever suggest that venue was proper in this district for claims arising out of the Bahamian contracts. Indeed, Plaintiffs concede that Defendants in this case have always contended that the Bahamas is the exclusive jurisdiction for Plaintiffs' ILSA claims. (Doc. 166 at 3).[3] Defendants have therefore not acted inconsistently with their contractual right for ILSA claims to be heard in the Bahamas, and have not waived the forum-selection clause.

---

[3] Plaintiffs only achieved the right to proceed in these cases by distinguishing Liles and convincing the Eleventh Circuit, over defendants' objections, that these cases did not implicate the Bahamian forum selection clauses. See Bahamas Sales Assoc., LLC v. Byers, 701 F.3d 1335 (11th Cir. 2012).

Accordingly, it is hereby

**ORDERED:**

1. Plaintiffs' Motion to Add ILSA Claims and Defendants (Doc. 166) is **DENIED**.

2. Plaintiffs' Motion for Leave to File Reply in Support of Motion to Add ILSA Claims and Defendants (Doc. 185) is therefore **DENIED** as moot.

3. Plaintiffs' Motion for Status Conference (Doc. 168) is **DENIED**. The Court will consider expanding the scope of discovery after ruling on the pending motions to dismiss.

4. The Court will hold a hearing on the pending motions to dismiss (Doc. 160, 161) on **September 9, 2014** at 2:00 p.m. in Jacksonville Courtroom 10D.

**DONE AND ORDERED** in Jacksonville, Florida the 18th day of June, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

w.
Copies to:

Counsel of record

5