**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BAHAMAS SALSE ASSOCIATE, LLC,

    Plaintiff,

v.                                                       Case No:   3:08-cv-1012-J-32JRK

DONALD CAMERON BYERS,

    Defendant.

DONALD CAMERON BYERS

    Counterclaim Plaintiff,

v.

BAHAMA SALES ASSOCIATE, LLC,
et al.,

    Counterclaim Defendants.

# O R D E R[1]

Following reversal and remand from the Eleventh Circuit, see, e.g., Bahamas Sales Assoc., LLC v. Byers, 701 F.3d 1335 (11th Cir. 2012), the Court consolidated these six related cases and required the consolidated Plaintiffs to file a master

---

[1] Per the Court's prior Order (Doc. 152) this Order will only be filed in this case. However, the Order applies to the other consolidated cases as well: Bahama Sales Assoc., LLC v. Willis, 3:08-cv-1062-J-32JRK; Webb v. Ginn Fin. Servs., 3:09-cv-516-J-32JRK; Bailey v. ERG Enters., LP, 3:10-cv-422-J-32JRK; Taliaferro v. ERG Enters., LP, 3:11-cv-199-J-32JBT; and Taglia v. ERG Enters., LP, 3:12-cv-731-J-32JBT.

complaint, (Doc. 154), which Defendants moved to dismiss, (Doc. 160, 161). Plaintiffs responded to the motions to dismiss. (Doc. 163, 164). After undertaking a comprehensive review of the parties' filings, including reading in its entirety Plaintiffs' 156-page complaint (including appendices), the Court conducted an almost three hour hearing on the motions to dismiss, the record of which is incorporated by reference. (Doc. 223).

In brief, Plaintiffs allege they have been the victims of fraud in connection with their purchases of lots in Ginn Sur Mer in the Bahamas. (Doc. 154). Plaintiffs assert that they bought their lots without being told that Ginn Sur Mer would never be developed because it was saddled with an enormous debt to Credit Suisse, and, with respect to Note Plaintiffs[2], without being told that legitimate appraisals were not performed on their properties before Bahama Sales Associate, LLC agreed to finance their lot sales. The complaint alleges substantive violations of RICO (Counts I and III), RICO conspiracy (Counts II and IV), breach of fiduciary duty (Count V), and fraud in the inducement (Count VI). (Doc. 154 at 69-76). [3]

## I. PLAINTIFFS' ALLEGATIONS OF BANK FRAUD

In Counts I and III, the RICO counts, Plaintiffs allege predicate acts of bank fraud, in addition to mail and wire fraud. (Doc. 154 at 38, 66). Subsequent to the

---

[2] Note Plaintiffs are those Plaintiffs who applied for mortgage loans with Ginn Financial and entered into notes with Bahama Sales Associate, LLC. (Doc. 154 at 49-50).

[3] This summary, of course, does not fully describe the detailed and intricate allegations in Plaintiffs' massive complaint. Nevertheless, it is sufficient to provide an introduction to Plaintiffs' claims for the purposes of this Order.

parties' filings on the motions to dismiss, the law regarding bank fraud was clarified in Loughrin v. United States, 134 S. Ct. 2384 (2014). As a result, Note Plaintiffs acknowledged that their allegations of bank fraud in Count III fail. (Doc. 221 at 4). However, Plaintiffs maintain that their claims of bank fraud in Count I should survive the motions to dismiss. (Doc. 221 at 4). Those bank fraud allegations are based on Defendants' alleged funneling of proceeds from the Credit Suisse loan through Ginn Sur Mer bank accounts to create the false impression that Ginn Sur Mer received millions of dollars in loan proceeds. (Doc. 221 at 4). Plaintiffs allege that, through these actions, Defendants obtained money in a financial institution's custody or control.

Bank fraud occurs where a defendant's misrepresentation is the mechanism that induces a bank to part with money in its control. Loughrin, 134 S.Ct. at 2393. Thus, an individual attempting to cash a forged check at a bank commits bank fraud. Id. However, where the bank's involvement in a fraud is wholly fortuitous, bank fraud has not occurred. Id. at 2394. Thus, for example, a street merchant's sale of a knock-off bag as a Louis Vuitton to a victim who pays for the bag by check does not constitute bank fraud. Id. Even though the fraudster obtained money from the bank by means of cashing the check, the fraudster's misrepresentation was not the mechanism used to induce the bank to part with the money in its control. Id. In fact, no misrepresentation ever reached the bank, as it cashed a valid check. Id.

Likewise, here, Plaintiffs have failed to allege that any fraud reached a bank. Plaintiffs' allegations that Defendants funneled money through Ginn Sur Mer accounts assert only that this behavior may have been deceptive to third parties,

without explaining how any misrepresentation was the mechanism used to induce a bank to transfer funds from one entity to another. Further, to the extent that Plaintiffs assert that Defendants have obtained money from Plaintiffs' bank accounts, any bank's involvement was tangential to the alleged fraud, since, again, there is no allegation that any misrepresentation ever reached the bank. As such, all allegations of bank fraud in the complaint are due to be dismissed with prejudice.

## II.   WHETHER PLAINTIFFS' ALLEGATIONS VIOLATE RULES 8 AND 9

Defendants assert that Plaintiffs' entire complaint should be dismissed for violations of Federal Rules of Civil Procedure 8 and 9. (Doc. 161 at 24).

Note Plaintiffs' claims for breach of fiduciary duty, Count V, and for fraud in the inducement, Count VI, violate Rules 8 and 9(b). Both counts incorporate the full 150 paragraphs of allegations and 375 predicate acts that form the basis for Note Plaintiffs' RICO claims in Counts III and IV. (See Doc. 154 at 73, 75). The breach of fiduciary duty claim alleges that, amongst other breaches, Lubert-Adler Partners, Dean Adler, ERG Enterprises, LP, and Bobby Ginn "caused Ginn Financial and [Bahama Sales] to breach their fiduciary duty to Note Plaintiffs by concealing the Appraisal Facts." (Doc. 154 at 75). The Appraisal Facts that Defendants are alleged to have concealed consist of twenty-seven paragraphs covering a wide range of topics, from the fact that Lubert-Adler "took monthly 'preferred return' equity distributions from [Bahama Sales] from at least 2007 to 2010" to allegations that the managing partner of Carver Grant's[4] brother-in-law's law firm represented "Ginn" on various

---

[4] Carver Grant allegedly performed fraudulent appraisals on Plaintiffs' lots.

4

matters. (Doc. 154 at 43-49). Given the number of allegations incorporated in the count, and the lack of specificity with respect to which facts that were allegedly concealed constituted a breach of fiduciary duty, Plaintiffs' claim does not constitute a short, plain statement showing that they are entitled to relief.

Similarly, the fraudulent inducement claim is summarized in Note Plaintiffs' allegation that, "Appraisal Defendants concealed the Appraisal Facts to induce Note Plaintiffs[] to enter into the Plaintiff Notes." (Doc. 154 at 75). It is unclear which omission or omissions from the almost seven pages of "Appraisal Facts" Note Plaintiffs believe that Defendants had a duty to disclose. Plaintiffs will, however, be given an opportunity to re-plead Counts V and VI to explain which omission or omissions form the basis for their claims.[5]

While the rest of the complaint is (perhaps unduly) lengthy, and is by no means a model, the Court does not find it to violate Federal Rules of Civil Procedure 8 or 9 such that it must be dismissed. The discussion at the oral argument convinced the Court that, with the exception of Counts V and VI, Defendants have been sufficiently informed of the allegations they are facing.

---

(Doc. 154 at 47).

[5] The Court recognizes that Counts III and IV also incorporate the Appraisal Facts. However, Counts III and IV are based upon a scheme to defraud focused on Defendants' misrepresentations. (Doc. 154 at 51-61). In those counts, the Appraisal Facts do not form the basis for the claim but instead serve the dual purpose of alleging the falsity of Defendants' representations and the existence of acts in furtherance of the fraudulent scheme. (See Doc. 154 at 43-49). As such, there is no problem delineating the basis for Defendants' RICO claims.

5

**III.   DEFENDANTS' REMAINING ARGUMENTS**

The parties engaged in lengthy briefing and argument as to whether the Complaint adequately alleges the elements of its RICO claims, including a duty to disclose, proximate cause, and damages. These are all valid issues, sure to be hotly debated as the case goes forward. These Plaintiffs face substantial challenges as a matter of both fact and law to marry up the alleged severe and repeated misconduct by these Defendants to their own alleged losses. Nevertheless, taking all of Plaintiffs' well-pled allegations as true, the Court finds that Plaintiffs have, with the exceptions previously noted, nudged their claims "across the line from conceivable to plausible". Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Accordingly, it is hereby

**ORDERED:**

1.   Defendants' Motions to Dismiss (Doc. 160, 161) are **DENIED** except that the motions are **GRANTED** with respect to the complaint's allegations of bank fraud, which are dismissed with prejudice, and Plaintiffs' claims for breach of fiduciary duty and fraudulent inducement, which are dismissed with leave to amend. Plaintiffs need not file an amended complaint until the settlement discussions described in ¶3 have taken place. If those discussions are unavailing, the Court will set new deadlines for Plaintiffs' amended complaint and Defendants' answers.

2.   Defendants' motion to stay discovery (Doc. 211) is **GRANTED** insofar as the current stay remains in place until further Order of the Court. If the settlement

discussions are unsuccessful and the case is reopened, the Court will consider whether to appoint a Special Master, paid for by the parties, to supervise discovery.[6]

3. The Court appoints Terry White as mediator to conduct a mediation as soon as reasonably possible. Mr. White will determine, with input from the lawyers, who must attend the mediation in person.

4. The Clerk shall administratively close the case. Once the Court receives a report from Mr. White, the Court will reopen the case as appropriate.

**DONE AND ORDERED** in Jacksonville, Florida the 19th day of September, 2014.[7]

*[signature]*
TIMOTHY J. CORRIGAN
United States District Judge

w.
Copies to:

Counsel of record

Honorable James R. Klindt
United States Magistrate Judge

Terry White
125 S. Palmetto Ave.
Daytona Beach, FL, 32114

---

[6] During the stay, the Court will not rule on the pending discovery motions, (Doc. 189, 192, 204).

[7] Catharine Wooten is advised that she should register for CM/ECF in this district by **October 14, 2014** or be terminated from the case.