UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BAHAMAS SALES ASSOCIATE, LLC,

    Plaintiff,

v.                                    Case No. 3:08-cv-1012-J-32JRK

DONALD CAMERON BYERS,
CERTAIN UNDERWRITERS AT
LLOYD'S OF LONDON, subscribing to
Policy Numbers MBB0651789A07,
MBB0751789A08, MBB0851789A09,
and MBB1051789A10, and NUTMEG
INSURANCE COMPANY,

    Defendants/Third Party
        Plaintiffs

NUTMEG INSURANCE
COMPANY
    Third Party Defendants

## O R D E R

On July 29, 2016, the Court held an in-person status hearing, the record of which is incorporated herein, in which it also heard oral argument on several pending motions. (Doc. 501). After considering the parties' arguments and reviewing the filings, it is hereby

**ORDERED:**

1.    The Joint Motion for Extension of Mediation Deadline (Doc. 476) and the Parties' Supplemental Joint Motion Regarding Mediation (Doc. 486) are **GRANTED**. The mediation shall take place on **October 18, 2016** with Terrence M. White. With

the agreement of the parties, Special Master John A. DeVault, III has also agreed to make himself available to work with Mr. White on the mediation as appropriate.

    2.    The Joint Motion to Reset Deadlines for Dispositive and <u>Daubert</u> Motions (Doc. 488) is **GRANTED**. The Court adopts the schedule proposed by the parties to the extent stated herein, with the new deadlines as follows: (1) the deadline to file dispositive and <u>Daubert</u> motions is **November 11, 2016**; and (2) the deadline to file responses to dispositive and <u>Daubert</u> motions is **December 22, 2016**.[1] When the Court receives the filings on December 22, 2016, it shall determine whether further responses or replies are necessary and set any corresponding deadlines.

Upon reflection, the Court will alter its decision regarding the number of pages devoted to summary judgment briefing. Each <u>side</u> will get a total of no more than 75 total pages devoted to opening summary judgment motion practice and briefing. Defendants will have to allocate those pages among themselves.[2] Defendants shall wait until further order of the Court before responding to any cross-motion for summary judgment filed by Plaintiffs as part of Plaintiffs' response to Defendants' motion for summary judgment.[3]

---

[1] The Court assumes the parties will not seek a further extension of the September 30, 2016 discovery deadline. The Court further assumes that the revised deadlines for motion practice will be respected.

[2] One set of Defendants will be permitted to adopt arguments made by the other set. Moreover, the Court will delay summary judgment practice as to the issues that are unique to individual Plaintiffs. Thus, Defendants need not address issues with respect to individual Plaintiffs at this time and can focus only on global issues. Depending on how the Court rules on the initial summary judgment practice, the Court will permit another round of summary judgment briefing addressing individual Plaintiffs.

[3] The 75 page total page limit applies to Plaintiffs' response to Defendants'

Plaintiffs shall have a total of 35 pages in which to file a consolidated Daubert motion, and Defendants shall have a total of 35 pages in which to file Daubert responses. Defendants shall have 15 pages in which to file their Daubert motion, and Plaintiffs shall have 15 pages to respond.

3. Plaintiffs filed Objections (Doc. 478) to the Special Master's Order on Plaintiffs' Motion to Compel Based on Crime-Fraud Exception (Doc. 473), to which Defendants responded (Doc. 485). Both parties also filed notices of supplemental authority after the hearing. (Docs. 499, 500).

"The court may set aside a master's ruling on a procedural matter only for an abuse of discretion." Fed. R. Civ. P. 53(f)(5).[4] The Special Master did not abuse his discretion in ruling on this discovery issue. However, the Court expressed its concern at the hearing that both sides' briefing on the objections transformed a discovery dispute into de facto summary judgment practice on the merits. See Barba v. Shire US, Inc., No. 1321158CIVLENARDGOOD, 2015 WL 7015324 (S.D. Fla. Nov. 12, 2015) ("the parties' efforts to persuade the Court to adopt their view of the crime-fraud

---

motion for summary judgment and any cross-motion for summary judgment.

[4] The parties dispute the standard of review applicable to the objections to the Special Master's Order on a privilege-related discovery issue. (Doc. 478 at 2-4, Doc. 485 at 17-18). As in this Court's prior Order on objections to the Special Master's Order on a privilege-related discovery issue (Doc. 477), it applies the abuse of discretion standard, noting that both the Supreme Court of the United States and the Eleventh Circuit Court of Appeals have described discovery rulings as "procedural." See Hickman v. Taylor, 329 U.S. 495, 507 (1947) ("But discovery, like all matters of procedure, has ultimate and necessary boundaries."); Williams v. City of Dothan, 745 F.2d 1406, 1415 (11th Cir. 1984) (noting that a district court's "discovery rulings" constitute "procedural determinations"). In doing so, the Court notes that even applying a de novo standard of review, the result here would be the same.

3

exception here have essentially caused this discovery dispute to morph into what amounts to a 'trial on the papers'"). The Court reiterates it is only ruling on the crime-fraud issue and makes no intimation or prediction about the merits of the case.

Therefore, Plaintiffs' Objections to the Special Master's Order on Plaintiffs' Motion to Compel Production of Previously Withheld Documents From All Defendants Pursuant to the Crime-Fraud Exception (Doc. 478) are **OVERRULED.** Plaintiffs' Motion to Compel Production of Previously Withheld Documents From All Defendants Pursuant to the Crime-Fraud Exception (Doc. 427) is **DENIED**.

Plaintiffs' Motion for Leave to File Reply In Support of Objections (Doc. 496) and Defendants' Unopposed Motion for Leave to File a Sur-reply Brief in Opposition to the Ballinger Plaintiffs' Objections (Doc. 497) are **MOOT**.

4. Ballinger Law Plaintiffs' Request to Add Agenda Item for Discussion at Status Conference, For an Order Requiring Defendants to Disclose Efforts to Obtain Attorney-Client Communications From Former Ballinger Law Plaintiffs (Doc. 490) is **GRANTED** to the extent that the issue was discussed at the hearing. At this point, the Court determines that no further action is required.

**DONE AND ORDERED** in Jacksonville, Florida the 4th day of August, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies:

Counsel of record

<u>Pro se</u> parties
Special Master John A. DeVault, III
Mediator Terrence White